**Robyn MARSHALL, Plaintiff–Appellant,**

v.

**BELMONT COUNTY BOARD OF COMMISSIONERS; Ginny Favede; Matthew Coffland; Charles Probst; Christine Palmer; Steve Clark, Defendants–Appellees.**

No. 15–3601.

United States Court of Appeals, Sixth Circuit.

March 10, 2016.

BEFORE: NORRIS, BATCHELDER, and SUTTON, Circuit Judges.

## MEMORANDUM OPINION

PER CURIAM.

Plaintiff Robyn Marshall appeals from a grant of summary judgment to defendants, the Belmont County Board of Commissioners; the three members of the Board of Commissioners at the time of plaintiff's termination, Ginny Favede, Matthew Coffland, and Charles Probst; Christine Palm-er, the county's human resource director; and Steve Clark, a county employee. Plaintiff was director of the county's 9-1-1 center for several years. In 2013, the Board of Commissioners voted to terminate Marshall purportedly based on her discipline of a dispatcher and the Board's perceived insubordination by plaintiff because she ignored their directive not to discipline the dispatcher. Plaintiff's complaint included state and federal claims of gender discrimination, retaliation, and a state law claim for tortious interference with a business relationship against Steve Clark. Clark is a county employee in another department, and the father of the disciplined dispatcher. Plaintiff alleges that Clark's complaints to the Board about plaintiff led to her termination.

The district court found, and we agree, that plaintiff established a prima facie case of gender discrimination. However, the district court went on to hold that the evidence tendered by plaintiff did not include any credible evidence that the reason for discharge proffered by defendants was mere pretext for gender discrimination. With respect to the retaliation claim, the district court was skeptical as to whether plaintiff made out a prima facie case, but held that even if it were to assume that a prima facie case of retaliation had been made out, the record failed to establish pretext.

As for plaintiff's tortious interference claim, the district court noted that defendant Clark's complaints against plaintiff—arguably a public official—may have been privileged, which would be enough to defeat plaintiff's claim. The district court decided not to engage in that analysis, however, holding that plaintiff failed to demonstrate that the complaints were the proximate cause of her termination.

The district court granted summary judgment in favor of defendants on all claims, a decision that we review de novo. *Ramsey v. Penn Mut. Life Ins. Co.,* 787 F.3d 813, 818 (6th Cir.2015) (citing *Rose v. State Farm Fire & Cas. Co.,* 766 F.3d 532, 535 (6th Cir.2014)). We have independently reviewed the record in detail, and have carefully considered the briefs submitted by the parties. Because we detect no error in the district court's detailed analysis, a reasoned opinion by this court would serve no useful purpose. We therefore affirm based upon the district court's opinion. *Marshall v. Belmont Cty. Bd. of Comm'rs,* 110 F.Supp.3d 780 (S.D.Ohio 2015).

The judgment is **affirmed.**